Contracts; breach; Government negligence. — The basis of the controversy in this case is set forth in the opinion of the court denying defendant’s motion to dismiss the petition, reported at 190 Ct. Cl. 426, 420 F. 2d 1051 (1970), and holding that the claim was not to be regarded as one sounding in tort, that there were no administrative remedies for plaintiff to exhaust since the claim was not redressable under the contract, and that by having presented a claim to the Air Force under the Foreign Claims Act, seeking the ex gratia remedy provided by the Act, plaintiff did not make an election of remedies which would serve to foreclose it from seeking relief in this court based on the contract. The case was remanded to the Trial Judge for further proceedings. In an opinion filed April 11,1973, Trial Judge Saul Richard Gamer concluded that on the facts defendant breached the rental contract by permitting the truck to be operated by the mechanic-helper, that in permitting the latter to act as the *1098 driver-operator defendant did not use ordinary care with respect to its use of the equipment because the Government officer in charge should have known the employee was unqualified, and that plaintiff is entitled to recover. The court by order dated June 29,1973 adopted the recommended decision as the basis for its judgment in this case and entered judgment for plaintiff for $16,632.